**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

        Plaintiff / Respondent,    Case No. 16-cr-20421

v.                      Judith E. Levy
                        United States District Judge

Arthur Herold,

                        Mag. Judge R. Steven Whalen

        Defendant / Petitioner.

_____/


**OPINION AND ORDER DENYING MOTION TO STRIKE**
**RESPONDENT'S REPLY BRIEF [30] AND DENYING MOTION**
**TO VACATE SENTENCE UNDER 28 USC § 2255 [24]**

Petitioner Arthur Herold has filed a motion to vacate his sentence

pursuant to 28 U.S.C. § 2255. (Dkt. 24.) He has also filed a motion

requesting that the Court strike Respondent's reply brief on the

grounds that it was untimely filed. (Dkt. 30.)

For the reasons set forth below, these motions are denied.

**I.    Background**

On July 11, 2016, Petitioner pleaded guilty to one count of

unlawful distribution of controlled substances in violation of 21 U.S.C. §

841. (Dkt. 8 at 1.) While Petitioner was charged with only one count of unlawful distribution, the charge to which he pleaded guilty was contained within an information that described an estimate of the extent of his participation in an unlawful prescription distribution scheme: "at least 107,000 Schedule II hydrocodone pills, 240,000 Schedule III hydrocodone pills, and 500,000 Schedule IV alprazolam pills." (Dkt 1 at 1–2.) The Rule 11 plea agreement stated that "[t]here are no sentencing guideline disputes," and "defendant's guideline range is 46-57 months." (*Id.* at 4.)

Prior to the sentencing hearing, the Court reviewed the probation department's pre-sentence investigation report and the sentencing memoranda filed by Petitioner (Dkt. 10) and Respondent. (Dkt. 12.) Petitioner's sentencing memorandum included, among other information, an enumerated list of his medical conditions and an assessment of his psychological health.[1]  Respondent's sentencing

---

[1] Petitioner's sentencing memorandum is a sealed document.  In Petitioner's Motion to Resentence to Home Confinement, he asserts that the medical issues of which the court was apprised were "epidural injections for low back pain along with issues with retinal detachment, a cholecystectomy and a pacemaker." (Dkt. 15-2.)  In Petitioner's Motion to Vacate, he adds that the court was made aware of the fact that Petitioner had a "back injury and difficulties walking." (Dkt. 24-2 at 2.)  The Court was made aware of the former enumerated conditions through Petitioner's sentencing memorandum.  The Court was not made aware of the latter conditions

memorandum described the context in which Petitioner was illegally prescribing controlled substances and included a motion for a downward departure from Petitioner's sentencing guideline range to a sentence of twenty-four months of imprisonment.

On November 17, 2016, the Court held Petitioner's sentencing hearing. The Court considered the factors required under 18 U.S.C. § 3553(a) and sentenced Petitioner to one year and one day of imprisonment and three years of supervised release. (Dkt. 14.) The sentence imposed was thirty-four months shorter than the forty-six months at the low end of Petitioner's guideline range. Petitioner surrendered to the Bureau of Prisons as directed. (Dkt. 15 at 2.)

On February 28, 2017, Petitioner submitted to the Federal Bureau of Prisons a Request for Consideration for Compassionate Release / Reduction in Sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g). Included in the request for consideration were pre-confinement medical records from the Michigan Institute for Neurological Disorders (Dkt. 15-2 at 2–4) and Health Rehab Plus (Dkt. 15-2 at 5–22), as well as emails Petitioner sent from Butner Federal Correctional Facility

---

until Petitioner filed his Motion to Resentence to Home Confinement on March 22, 2017. (Dkt. 15.)

describing his current medical conditions (Dkt. 15-2 at 23–27). No medical records from the Butner Federal Correctional Facility were included with the motion. (*Id.*)

On March 22, 2017, Petitioner filed a motion to resentence to home confinement based on medical condition. (Dkt. 15.) In this motion, Petitioner asserted that "[s]ince his surrender to the federal institution his medical condition has become significantly worsen [*sic*]." (Dkt. 15 at 4.) Petitioner's motion describes myriad medical complications stemming from (1) the fact that many of Petitioner's pain management and physical therapy regimens were eliminated upon his entry into custody, and (2) a fall Petitioner took three days after he entered custody. (*Id.* at 2–4.) Petitioner also included a copy of his Request for Consideration for Compassionate Release / Reduction in Sentence as an appendix to his motion to resentence to home confinement.[2] (Dkt. 15-2.)

According to the medical documentation provided, Petitioner had an initial neurological consultation on November 28, 2016. (Dkt. 15-2

---

[2] Trial counsel contacted the Court about Petitioner's post-confinement medical complications and difficulties obtaining medical records from Butner Federal Correctional Facility. The Court held status conferences regarding Petitioner's condition and his Motion to Resentence to Home Confinement on April 11, 2017 and May 4, 2017. Subsequently, the Court sent a letter in support of Petitioner's Request for Consideration for Compassionate Release / Reduction in Sentence..

at 2.)  The consulting neurologist recommended "a third round of epidural steroid injection," "a course of physical therapy with gait and balance training," and a "sleep study." (*Id.*)  Medical records indicate that Petitioner took part in five physical therapy treatment sessions between December 14, 2016 and January 5, 2017.  (Dkt 15-2 at 5–22.)

On May 31, 2017, the Court denied Petitioner's motion for resentencing to home confinement on the basis that the Court lacked jurisdiction to grant such relief.  (Dkt. 21.)  Petitioner filed the present motion to vacate under 28 U.S.C. § 2255 on June 8, 2017.  (Dkt. 24.)  On June 16, 2016, the Court ordered the Government to file a response on or before July 26, 2017.  Petitioner moved for an expedited briefing schedule on June 22, 2017 (Dkt. 26), which the Court granted on June 26, 2017.  (Dkt 28.)  The expedited briefing schedule required a response brief from Respondent by July 17, 2017.  (*Id.*)  On July 19, after the expedited response deadline passed, Petitioner filed a motion to strike Respondent's late response "should one be filed."  (Dkt. 30.)  Respondent filed its response on July 19, 2017.  (Dkt. 31.)

In his motion to strike, Petitioner acknowledges that "it is entirely possible that the Respondent is waiting on medical records from Butner

5

Federal Medical Center." (Dkt. 30 at 5.) In its response, Respondent states that "the undersigned clearly communicated to the current attorney for the petitioner that he would respond to the petitioner's motion within a few days of receiving a complete medical report from the BOP." (Dkt. 31 at 3.) The Bureau of Prisons drafted a "Medical Summary" for Petitioner on July 20, 2017. It was entered on the docket on July 28, 2017. (Dkt. 32-1.)

## II. Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, an inmate in federal custody who files a motion to vacate, set aside, or correct his sentence must demonstrate "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Shaw v. U.S.*, 604 Fed. Appx. 473, 476 (6th Cir. 2015) (quoting 28 U.S.C. § 2255(a)). In the Sixth Circuit, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory

limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *U.S. v. Addonizio*, 442 U.S. 178, 185–86 (1979)).

To prevail on a claim of constitutional error, a prisoner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect" on the proceedings. *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009) (citing *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffen v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

## III. Analysis

As a threshold matter, the Court declines to strike Respondent's brief. The underlying reason for the delay – the lack of medical documentation provided from the Bureau of Prisons – was disclosed to Petitioner's counsel, and Petitioner will suffer no prejudice from the Court's consideration of the brief.

7

In the present case, Petitioner claims two grounds on which he is entitled to relief under § 2255. First, he asserts that "[t]he sentencing court did not take into adequate consideration the health of the Defendant, in conjunction with his age, and the need for proper medical care." (Dkt. 24 at 4.) Second, he asserts that he was afforded ineffective assistance of trial counsel at sentencing, because "[t]rial [c]ounsel did not undertake his due diligence in providing the [s]entencing [c]ourt with a full understanding of [Herold's] health and medical needs." (*Id.* at 5.)

   a. *The sentencing court's consideration of Petitioner's health and age as a sentencing factor under 18 U.S.C. § 3553(a) was within the constitutional limits of its discretion*

Petitioner argues that the sentence imposed by the Court was "unreasonable, in that the sentencing court did not take [Petitioner's] health into account and the foreseeable problems that his poor health would cause upon his entry into the prison." (Dkt. 24-2 at 8.) In support of his claim, Petitioner presents arguments directed at the standard of reasonableness that would be applied at an appellate court on direct appeal. (Dkt. 24-2 at 9–12.) The present motion, however, is

not a direct appeal.[3]  Under 18 U.S.C. § 2255, the relevant question is not whether the sentence was "reasonable" but instead whether the sentencing court committed "an error of constitutional magnitude" in the imposition of the sentence.

The Sentencing Reform Act of 1984 promulgated a set of sentencing guidelines, which courts are to consider as an advisory starting point in imposing a sentence. *See United States v. Booker*, 543 U.S. 220, 222 (2005) ("[T]he Act makes the Guidelines effectively advisory, requiring a sentencing court to consider Guidelines ranges, see § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, see § 3553(a)."). Sentencing courts are required to consider each of the factors enumerated in 18 U.S.C § 3553(a). However, "[t]he selection of the appropriate sentence within the guideline range, as well as the decision to depart from the range in certain circumstances, are decisions that are left solely to the sentencing court." *Williams v. United States*, 503 U.S. 193, 205 (1992). In situations where sentences are challenged on direct appeal, federal

---

[3] In his plea agreement, Petitioner waived his right to appeal his conviction or his sentence, provided that the Court imposed a sentence of fifty-one months or less in custody. (Dkt. 8 at 10.)  The Court imposed a sentence of twelve months and one day.

appellate courts may apply a presumption of reasonableness to any sentence within the statutory guideline range. *Rita v. United States*, 551 U.S. 338, 347 (2007).

Petitioner does not allege that the Court's application of the sentencing guidelines was "an error of constitutional magnitude."[4] Instead, Petitioner alleges that the "Petitioner's advanced age as well as his health issues . . . should have been given stronger consideration when issuing the Petitioner's sentence." (Dkt. 24-2 at 10.) Petitioner also does not allege that the Court "issued a sentence in excess of the statutory limits" – indeed, the Court issued a sentence well below the low end of the applicable sentencing guidelines. Finally, Petitioner does not allege any "error of fact or law so fundamental as to render the entire procedure invalid."

Instead, Petitioner asserts that the court failed to properly consider medical information that was contained within "Petitioner's Motion for Release from Custody." (*Id*.) The medical information therein, however, was not and could not have been available for the

---

[4] Even if Petitioner were to have made such an allegation, "[n]onconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver [of appellate review]." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Court to consider during sentencing, as the earliest medical documentation provided is dated November 28, 2016 – eleven days after Petitioner's sentencing hearing. (Dkt. 15-2.) Because Petitioner's claims that the sentencing court "did not take into adequate consideration the health of the defendant" do not meet the necessary threshold standards to bring a § 2255 motion, Petitioner's motion to vacate cannot succeed on this ground.

b. *Petitioner's counsel's performance at sentencing was constitutionally adequate*

Conversely, as a claim that his attorney was constitutionally deficient, Petitioner's claim of ineffective assistance of counsel does meet the threshold standard to bring a claim under § 2255. "To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, [Petitioner] must establish (1) that his lawyer's performance was deficient as compared to an objective standard of reasonable performance, and (2) that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

On an ineffective assistance of counsel claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below and objective standard of reasonableness." *Id.* at 687–88. Review of counsel's performance "must be highly deferential," and "every effort must be made to eliminate the distorting effects of hindsight." *Id.* at 689. Finally, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

In this case, Petitioner argues that "trial counsel was ineffective when he failed to present sufficient information regarding the Petitioner's health and well being [*sic*], and that as a result, the Petitioner's sentence is patently unreasonable." (Dkt. 24-2 at 12.) Petitioner's primary specific allegation against trial counsel is that "Petitioner, prior to his incarceration, had been undergoing extensive physical therapy, in addition to being prescribed several medications for the other ailments from which he was suffering. Counsel could have

gotten these records and brought them to the attention of the Court, but did not." (*Id.* at 15.) As set forth previously, the physical therapy to which Petitioner seems to be referring began after an initial consultation with a neurologist on November 28, 2016 – eleven days after the sentencing hearing. (Dkt. 15-2.)

On an ineffective assistance of counsel claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment;" thus, review of counsel's performance "must be highly deferential," and "every effort must be made to eliminate the distorting effects of hindsight." *Stumpf v. Robinson*, 722 F.3d 739, 753 (6th Cir. 2013) (quoting *Strickland*, 466 U.S. at 690). It is clear in the record that Petitioner's health has declined significantly since his period of incarceration began, and given the severity of the health complications that Petitioner describes, the Court remains concerned about Petitioner's condition. However, the Court cannot be swayed by the "distorting effects of hindsight." (*Id.*) The Court was aware at the time of sentencing of Petitioner's age and that he had a variety of medical complications, and weighed this information in its determination of the

below-guidelines sentence of one year and one day of imprisonment. Petitioner has not provided the Court with any evidence that there was additional medical documentation that trial counsel could have brought to its attention on or before the date of the sentencing hearing on November 17, 2016.

"Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). At Petitioner's sentencing hearing, trial counsel argued carefully for a non-custodial sentence. The Court considered home confinement or probation, and rejected these options because of the seriousness of the offense and related conduct, as well as the need to deter others from engaging in the same serious conduct. Trial counsel's preparation for and participation in Petitioner's sentencing hearing was well within the bounds of reasonable competence. Petitioner's motion to vacate cannot succeed on this ground.

## IV.  Conclusion

For the reasons set forth above, Petitioner's motion to vacate his sentence (Dkt. 24) and motion to strike Respondent's brief (Dkt. 30) are DENIED.

IT IS SO ORDERED.

Dated: September 27, 2017        s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2017.

s/Shawna Burns
SHAWNA BURNS
Case Manager
